In the Matter of the Claim of HARRY TRUDEAU, Appellant, *v.* COLONIAL SAND & STONE Co., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 2, 1960.

*Haft & Tischler* (*Ernest Tischler* of counsel), for appellant.

*Galli, Terhune, Gibbons & Mulvehill* (*Urban S. Mulvehill* of counsel), for Colonial Sand & Stone Co., Inc., and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *Henriette Freider* of counsel), for Workmen's Compensation Board, respondent.

*Jeannette H. Harris, Arthur Schechter, Irwin Olin* and *Harry Ruthoser* for New York State Association of Plaintiffs' Trial Lawyers, *amicus curiæ.*

REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board making an award of $650 for serious facial disfigurement. The claimant challenges not only the amount of the award but also the procedure under which it was made and on this latter point the New York Association of Plaintiffs' Trial Lawyers have filed a brief as *amicus curiæ.*

On August 14, 1959 the Chairman of the Workmen's Compensation Board changed the procedure followed in facial disfigurement cases. His recommendations were adopted by the full board. Formerly they had been processed like other claims with the Referee making the award. This decision of the Referee could be appealed to the board if so desired. Under the new procedure the testimony and evidence is taken before a Referee. If he then feels that there is a serious facial disfigurement, this being defined in the directive as " one which is normally visible under normal lighting conditions at a distance of about five feet ", he refers the case to the Disfigurement Calendar, a special panel consisting of three board members. The claimant then appears and is viewed by the members of this board who make the award if they feel one is warranted. If the Referee feels there is no serious facial disfigurement he so finds and closes the case. This procedure is followed at district offices, but at itinerant hearing places the Referee can make awards if the disfigurement is not " very " serious, otherwise the case is referred to the board. The directive makes provisions for Referees to be present at the board hearings to observe and

states further that the procedure is for a temporary period. It is experimental in nature.

The claimant here was injured when a truck backed up and pinned him between it and another truck. He sustained other injuries in addition to the facial disfigurement, and the Referee made awards for the other injuries and referred the case to the board for consideration of the facial disfigurement. The injuries constituting the facial disfigurement are a laceration of the right ear resulting in a cauliflower ear, a slight droop in the left side of the mouth which can be seen when the claimant smiles, and several scars on the face. There was also indication of a disfigured nose but there was a question as to whether this had resulted from the accident.

Under section 117 of the Workmen's Compensation Law the board has the authority to make rules and the chairman to make reasonable regulations. The directive setting up the procedure being followed here, although established by the chairman and adopted by the board, has apparently not been formally set up as a rule so it probably falls into the category of a regulation. The effect is no doubt the same. It is asserted that the procedure here cannot be upheld because it deprives the claimant of the right of an administrative appeal. No provision is cited guaranteeing such a right and since the board is exercising here the same powers which it does on an appeal from a Referee's award it would seem that this argument is without merit. It is further asserted that this procedure is contrary to certain statutory provisions. It is pointed out that section 20 of the Workmen's Compensation Law provides that a claim begun before a Referee shall continue before the same Referee except for inability to act, disqualification, or other good cause in which event it may be continued before another Referee. However, under rule 5 the board established a procedure in two other situations where the Referee develops the record and then refers the case to the board for decision. If such can be done by rule it can no doubt be done by regulation. In any event it would seem that the general tenor of the Workmen's Compensation Law is to give the board the power to hear and decide claims and that the board delegates that power in the first instance to the Referee. There are several sections in the statute giving the board broad power to hear and determine claims such as sections 20 and 142. The concession is made in the Plaintiffs' Trial Lawyers brief that, "Undoubtedly the Board has power to direct that an original hearing be held before a Board Panel." Section 15 (subd. 3, par. t, cl. 1) provides that, "The board may award proper and equitable compensation for serious facial or head disfigurement". Section

150 provides that Referees shall hear and determine claims under rules adopted by the board and rule 4 provides that, "Hearings on claims for compensation shall be held before a Referee, except as herein otherwise provided." The exceptions provided for in the rules are in rule 5 as pointed out above and under rule 12 which allows a Referee when a novel or important question or one of public policy is involved to certify the question to the board. However rule 28 provides that "The Board may in its discretion suspend or modify the application of any of these rules." It would seem therefore that the chairman and the board acting within their broad powers could properly set up the procedure which they have for the handling of facial disfigurement claims.

The second question involved here is whether the board's award in the present case should be disturbed. Such an award should not be overturned unless it is clearly and obviously out of line. We are unable to say on this record that this award is clearly inadequate as claimed. The court does not see the claimant and it is very difficult to determine from medical reports just how "serious" a facial disfigurement is. The board panel had the benefit of a visual observation of the claimant and a case folder to review. The adequacy of the award presented a question of fact and there is no showing that its action was arbitrary or capricious.

The decision and award of the Workmen's Compensation Board should be affirmed, without costs.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Decision and award affirmed, without costs.